**UNITED STATES of America,**
**Appellee,**

v.

**Raymond Leo COWLES, Appellant.**

**No. 1247, Docket 74-1416.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 16, 1974.

Decided Sept. 10, 1974.

Certiorari Denied Jan. 13, 1975.
See 95 S.Ct. 790.

Lee Clary, Watertown, N.Y., for appellant.

George H. Lowe, Asst. U. S. Atty. (James M. Sullivan, Jr., U. S. Atty., N. Y., of counsel), for appellee.

Before OAKES, Circuit Judge, and FRANKEL and KELLEHER, District Judges.*

PER CURIAM:

We affirm the conviction.

Appellant, Raymond Leo Cowles, appeals from a judgment of conviction of violation of the Federal Bank Robbery Act under 18 U.S.C. §§ 2113(a) and 2. He was tried before Lloyd F. MacMahon, *Judge*, sitting by designation, and a jury, and was sentenced to imprisonment for a period of ten years. Appellant argues that the trial court erred in giving a supplemental *Allen* charge to the jury; in failing to ask certain questions of prospective jury members on voir dire; in failing to give a very specific instruction on the possible unreliability of eyewitness identifications; and in permitting testimony of an admission made by appellant to a cellmate, without notification to defense counsel of such admission. The supplemental charge was not objected to and has regularly been sustained by this court. The questions proposed to be propounded to the jury were of a conclusory nature dealing with contingencies of a defendant's not taking the stand and one juror believing that there was no proof beyond a reasonable doubt, designed to elicit the jurors' commitment to abstract propositions; as such, the trial court's discretion in denying them was not abused. United States v. Colabella, 448 F.2d 1299, 1303 (2d Cir. 1971). The requested instruction on eyewitness identification was argumentative, but, absent argumentation, was given in substance. Ample opportunity (by way of a proffered but declined continuance) was afforded defense counsel to overcome whatever surprise was generated by the cellmate's testimony as to appellant's admission.

Judgment affirmed.